United States District Court
Southern District of Texas
**ENTERED**
May 08, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| Allen Cohrs/Allen Cohrs Farms, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action M-23-218 |
| | § | |
| Agrilogic Insurance Services, LLC, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Defendant Agrilogic Insurance Services, LLC's (Agrilogic) Motion to Dismiss, ECF No. 7, Agrilogic's Amended Motion to Dismiss, ECF No. 21, and Plaintiff Allen Cohrs/Allen Cohrs Farms' (Cohrs) Motion to Abate, ECF No. 24. The motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The undersigned recommends that Agrilogic's Motion to Dismiss be **DENIED AS MOOT** and that Agrilogic's Amended Motion to Dismiss be **GRANTED**. Cohrs's Motion to Abate is **DENIED**.

### *1. Background*

Cohrs farms onions and other crops. *See* 1st Am. Compl. ¶ 9, ECF No. 20. This case arises from a dispute over insurance coverage for Cohrs' 2017 onion crop. *See* ECF No. 9 at 2. Cohrs' 2017 onion crop was insured under a federal common crop insurance policy (Policy) that Agrilogic issued and that the Federal Crop Insurance Corporation (FCIC) reinsured under the Federal Crop Insurance Act (FCIA). *See* 7 U.S.C. § 1508 (explaining federal crop insurance); 7 C.F.R. § 457.8 (explaining policy terms and conditions). The FCIC is an agency within the U.S. Department of Agriculture that reinsures crop insurance policies issued by private insurers under the FCIC guidelines and regulations. *See*

*Lucus v. Armtech Ins. Servs.*, CIVIL ACTION NO. 2:13cv249-KS-MTP, 2015 WL 11120542, at *1 (S.D. Miss. Mar. 6, 2015) (citing 7 U.S.C. § 1503).

The Policy covered "specific acreage and specified crop losses[.]" 1st Am. Compl. ¶ 9, ECF No. 20. "Early in the 2017 onion crop year, . . . [Agrilogic] issued an Approved Schedule of Insurance that specified the insured acreage and insurance coverage that . . . [Cohrs] was receiving . . . ." *Id.* ¶ 10. According to Cohrs, Agrilogic later "unilaterally altered the Schedules of Insurance[,]" reducing the insured acreage. *Id.* Cohrs suffered onion crop losses that year and filed indemnity claims. *See id.* Agrilogic "paid a portion of the claims and denied the rest." ECF No. 21 at 1. Cohrs disagreed with the amount paid. *See* 1st Am. Compl. ¶ 10, ECF No. 20.

As required by the Policy, Cohrs timely submitted the claim to arbitration. 1st Am. Compl. ¶ 11, ECF No. 20; ECF No. 21 at 1. The arbitrator held a hearing on October 6, 2020. 1st Am. Compl. ¶ 11, ECF No. 20; *see also* ECF No. 1-2 at 13. "At the conclusion of the evidentiary hearing[,] it became apparent that the dispositive issue in the case involved a policy interpretation and, therefore, the arbitration could not proceed until a [FCIC] interpretation of the policy provision was obtained from the Risk Management Agency (RMA)." ECF No. 1-2 at 13. The provision at issue was the production guarantee: "If your acreage of insurable onion types in this county for the current crop year exceeds 125 percent of the greatest number of acres of insurable onion types that you produced in this county for any one of the three previous crop years, your production guarantee (per acre) for current crop year will be reduced . . . ." *Id.* at 13–14. The specific question for interpretation was whether the policy phrase "'greatest number of acres of insurable onion types' include[d] only prior planted acres[]

or . . . include[d] the sum total of previously planted and prevented planted acres." *Id.* at 14.

The parties and the arbitrator jointly requested an FCIC interpretation of the production guarantee. ECF No. 1-2 at 14. On August 4, 2021, the RMA issued an interpretation, concluding that "[t]he Special Provisions require a reduction in the production guarantee when acreage exceeds 125 percent of the greatest number of acres of insurable onion types produced in the county for any one of the three previous crop years, <u>excluding prevented planted acres which did not produce a crop</u>." (alteration and emphasis in original). *Id.* Cohrs appealed the RMA's interpretation to the United States Department of Agriculture, Office of the Secretary, National Appeals Division (NAD). *Id.* at 14–15 The NAD administrative judge held that the RMA's interpretation was not erroneous. *Id.* at 15. Cohrs then requested that the Director of the NAD review the RMA's interpretation. *Id.* The Director of the NAD upheld the NAD administrative judge's interpretation. *Id.*

On May 2, 2022, the arbitrator issued a Final Award. *See* ECF No. 1-2 at 13–18. The arbitrator found that, as early as the 2011 crop year and as late as the 2016 crop year, Cohrs's insurers had "determined the production guarantee by including the prevented planted onion acres in [Cohrs's] insurable onion types in the previous three years[,]" and that Cohrs had made the 2017 coverage elections relying on the insurers' calculation of the production guarantee in prior years. *Id.* at 15–16. However, based on the binding FCIC interpretation,[1] the arbitrator concluded that Agrilogic had "properly excluded prevented planted acres for the three previous crop years" and "correctly calculated [Cohrs's] crop

---

[1] FCIC interpretations are binding on the arbitrator. Policy ¶ 20(a)(1)(i), ECF No. 22-1.

3

insurance claim for crop insurance for his 2017 insurance crop." *Id.* at 16–17.

On April 25, 2023, Cohrs filed a petition in Texas state court seeking "judicial review of the Arbitrator's Final Award, pursuant to the applicable provisions of the Policy." ECF No. 1-2 at 10. Cohrs did not identify a cause of action in the petition under which it brought suit, citing instead the terms of the Policy. *See id.* at 10–11. At the same time, Cohrs filed a separate lawsuit in federal court, seeking to have the RMA's interpretation set aside. *Id.* at 10. Cohrs alleges that, if the interpretation is set aside in the other case, the Final Award should be vacated because the arbitrator exceeded his powers. *See id.*; 1st Am. Compl. ¶ 14, ECF No. 20. On July 6, 2023, Agrilogic timely removed this case to federal court based on diversity jurisdiction. *See* ECF No. 1. On January 26, 2024, Cohrs filed a First Amended Complaint, seeking to vacate the Final Award under the Federal Arbitration Act (FAA). *See* ECF No. 20.

On February 9, 2024, Agrilogic filed its amended motion to dismiss. *See* ECF No. 21. Agrilogic argues, among other things, that Cohrs did not comply with the FAA's time limits for filing suit to vacate an arbitration award. On February 28, 2024, Cohrs filed a motion to abate this case until its other federal case challenging the RMA's interpretation has been decided or, alternatively, to abate consideration of Agrilogic's motion to dismiss so that the parties can conduct discovery on Cohrs's equitable counter-defenses to Agrilogic's limitations argument. ECF No. 24 at 3.

### 2. *Motion to Dismiss Standard*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen*

*v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Twombly*, 550 U.S. at 556.

### 3. Discussion

Cohrs failed to identify any legal basis for seeking judicial review of the arbitrator's Final Award in the original petition. *See* ECF No. 1-2 at 10. Regardless, the FAA is the statute that paves the way for the court to review and vacate an arbitration award. *See* 9 U.S.C. § 10 ("In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any

5

party to the arbitration . . . where [, as alleged here,] the arbitrators exceeded their powers . . . ."). The FAA "makes contracts to arbitrate 'valid, irrevocable, and enforceable,' so long as their subject involves 'commerce.'" *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 2). There is no dispute that the Policy here involves commerce. *Cf. Bachman Sunny Hill Fruit Farms, Inc. v. Producers Agric. Ins. Co.*, 57 F.4th 536, 540 (6th Cir. 2023), *cert. denied*, 143 S. Ct. 2566 (2023) (citing cases in which federal courts have reached the conclusion that federally reinsured crop insurance agreements involve commerce). Because the Policy involves commerce, the FAA applies and controls this case. *See id.*

"Judicial review in the arbitration context is limited[,]" however, and "the only grounds on which a court may vacate an award" are those listed in the FAA. *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (citing *Hall St. Assocs. L.L.C.*, 552 U.S. at 586 (finding that "the FAA has textual features at odds with enforcing a contract to expand judicial review following the arbitration")). The reach of the court's arbitration authority cannot be extended by contract. *Hall St. Assocs. L.L.C.*, 552 U.S. at 578 (holding that the FAA's "grounds for prompt vacatur and modification" of an arbitration award are exclusive and may not be supplemented by contract). Following from the exclusivity of the FAA's remedies is the legal conclusion that the FAA "provides the exclusive remedy for challenging acts that taint an arbitration award" after the enforcement of a valid contractual arbitration clause. *Corey v. N.Y. Stock Exch.*, 691 F.2d 1205, 1211–12 (6th Cir. 1982); *see also Tex. Brine Co., L.L.C.*, 955 F.3d at 488 (applying *Corey's* exclusive remedy holding in analyzing a collateral attack on an arbitration award).

The FAA requires that "[n]otice of a motion to vacate, modify, or correct an award *must* be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 (alteration and emphasis added). The Policy conflicts with this provision of the FAA and states that a lawsuit seeking judicial review "must be filed no later than one year after the date the arbitration decision was rendered." Policy ¶ 20(b)(3), ECF No. 22-1. Cohrs argues that the Policy's limitation period for filing suit controls here. ECF No. 23 at 8; *see also* 7, 9–10. Cohrs cites no legal authority in support of applying the Policy terms over the FAA. *See id.* Agrilogic, on the other hand, cites two Sixth Circuit cases that reach the opposite conclusion. *See* ECF No. 22 at 5–8; ECF No. 25 at 1–3 (discussing *Bachman Sunny Hill Fruit Farms, Inc.*, 57 F.4th at 543–44, and *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, No. 21-2792, 2023 WL 152475, at *2, 4 (6th Cir. Jan. 11, 2023), *cert. denied*, 143 S. Ct. 2566 (2023)).

In *Bachman Sunny Hill Fruit Farms, Inc.*, 57 F.4th at 540. (*Bachman*), the plaintiff made the same argument Cohrs raises here—that the Policy extended the statutory time limit by allowing up to one year to file suit. The Sixth Circuit held that "the FAA governs the arbitration agreements in federally reinsured crop-insurance policies[] and . . . that [the plaintiff's] petition to nullify flouted its substance and procedures." *Id.* at 544; *see also NAU Country Ins. Co.*, 2023 WL 152475, at *4 (same). Agrilogic represents that these are the only two cases that are directly on point. ECF No. 25 at 2. The court's own research has uncovered no other cases directly on point, whether in agreement or disagreement with the Sixth Circuit. More importantly, this court agrees with the Sixth Circuit's reasoning. The court is bound by the provisions of the FAA, not the contract between the parties. When the FAA applies, it and all its provisions govern and cannot

be changed by agreement of the parties. The court concludes that, because the FAA applies to Cohrs's motion to vacate the Final Award, the FAA's procedural and substantive provisions are binding on Cohrs, including the three-month notice requirement. Cohrs does not argue and has not pleaded facts that indicate it complied with that provision. Cohrs's original petition was filed in state court just a few days shy of a year after the arbitrator issued the Final Award and thus was too late.

Cohrs raises various estoppel theories as counter-defenses to Agrilogic's limitations defense. Cohrs argues that Agrilogic should be estopped from claiming limitations "because it utilized the policy in question and many of its procedures[] but now seeks to avoid other provisions of the same policy such as the one-year limitations period quoted above." Cohrs fails to provide any legal authority supporting its position. Although there is a split among circuits on the issue whether equitable tolling applies to extend the deadlines in 9 U.S.C. § 12, the Fifth Circuit is among the circuits holding that equitable tolling does not apply. *See Cigna v. Huddleston*, 986 F.2d 1418, 1993 WL 58742, *11 (5th Cir. 1993) (citing cases and holding that there is no equitable tolling exception to the deadlines in 9 U.S.C. § 12); *see also Florasynth, Inc. v. Pickholz*, 750 F.2d 171,174–77 (2d Cir. 1984) (discussing the issue and finding no exception to the three-month limitations period under the statute or in common law); *but see Move, Inc. v. Citigroup Global Markets, Inc.*, 840 F.3d 1152, 1156–58 (9th Cir. 2016) (citing cases and holding that equitable tolling applies to the FAA). Cohrs's petition was not timely filed and must be dismissed. The court thus need not address Agrilogic's remaining arguments in favor of dismissal.

Cohrs's motion to abate asks the court to abate this case pending the outcome of Cohrs's other lawsuit challenging the

RMA's interpretation or, alternatively, until the parties can conduct discovery on Cohrs's counter-defenses to limitations. ECF No. 24. Because the court finds against Cohrs on both limitations and the equitable defenses, the motion to abate is denied.

### 4. Conclusion

The undersigned **RECOMMENDS** that Agrilogic's Motion to Dismiss be **DENIED AS MOOT** and that Agrilogic's Amended Motion to Dismiss be **GRANTED**. Cohrs's Motion to Abate is **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 8, 2024.

_____

Peter Bray
United States Magistrate Judge